# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CONTINENTAL RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-590-M |
| | ) | |
| TEJON EXPLORATION COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss and Alternative Motion to Transfer Venue, filed July 2, 2014. On July 23, 2014, plaintiff filed its response, and on July 30, 2014, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff Continental Resources, Inc. ("CLR") is an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. Defendant Tejon Exploration Company ("Tejon") is a Texas corporation with its principal place of business in Abilene, Texas. Tejon is an oil and gas company that owns working interests and overriding royalty interests.

CLR approached Tejon about drilling a well on oil and gas leases covering certain property in two sections of land located in Dunn County, North Dakota, which are owned by Tejon, CLR, and others ("Leases"). CLR and Tejon entered a Farmout Agreement on October 20, 2009. CLR completed a producing well on or about February 6, 2010. Pursuant to the Farmout Agreement, effective February 6, 2010, Tejon assigned certain of its rights, title and interest in and to the Leases.

Following Tejon's assignment of the Leases, CLR completed additional wells on the Leases. CLR allowed Tejon to participate in the additional wells as a working interest owner and paid Tejon

$2,317,161.91 for production revenue for the additional wells.[1] CLR alleges that Tejon was only entitled to receive payments in the amount of $341,689.05. In or around December 2013, CLR claimed that Tejon only owns an overriding royalty interest in the additional wells and demanded Tejon provide payment to CLR in the amount of $556,405.78.[2] Tejon has refused the demand.

On June 9, 2014, CLR filed the instant action alleging a claim of unjust enrichment and a declaratory judgment claim against Tejon, seeking monetary damages for the alleged overpayments by CLR to Tejon as a result of CLR treating Tejon as a working interest owner instead of an owner of an overriding royalty interest. Tejon now moves this Court to dismiss this action for lack of subject matter and personal jurisdiction and improper venue.

## II.    Discussion

When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the

---

[1] CLR alleges that allowing Tejon to participate as a working interest owner was pursuant to a mistake of fact.

[2] This amount represents the total revenue payments received by Tejon for production revenue minus the amount equal to the total joint interest billings paid by Tejon and the overriding royalty interest owed to Tejon for production from the additional wells.

> United States Constitution, the personal jurisdiction inquiry under
> Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted). In the case at bar, CLR only asserts that this Court has specific jurisdiction over Tejon.

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See id.*

3

Additionally, "[a] contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum." *Id.* at 1077. Further,

> telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction. . . . However, the exercise of jurisdiction depends on the *nature* of those contacts. The existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards. . . .
> The proper focus for analyzing these contacts is whether they represent an effort by the defendant to purposefully avail itself of the privilege of conducting activities within the forum State.

*Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418-19 (10th Cir. 1988) (internal quotations and citations omitted) (emphasis in original). Finally,

> [p]urposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff. . . . [and generally] requires . . . affirmative conduct by the defendant which allows or promotes the transaction of business within the forum state.

*Id.* at 1420 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that CLR has not made a prima facie showing that this Court has personal jurisdiction over Tejon. Specifically, the Court finds that CLR has not established that Tejon has sufficient minimum contacts with Oklahoma – that Tejon purposely availed itself of the privilege of conducting activities in Oklahoma so as to submit to personal jurisdiction. CLR initiated the first contact when it approached Tejon about drilling a well on the Leases, and it was CLR's contact that led Tejon to contact CLR in Oklahoma. Additionally, the Court finds that the nature of the telephone calls, emails, and letters from Tejon to CLR do not represent an effort by Tejon to purposefully avail itself of the privilege of conducting activities within Oklahoma. Further, the Court finds a number of the facts relied on by CLR to establish jurisdiction focus on CLR's actions and not Tejon's and are not indicative of purposeful

4

activities by Tejon at residents of Oklahoma. Finally, the basis of CLR's claims is that Tejon wrongfully retained funds sent to Tejon in Texas from CLR in Oklahoma, an alleged wrongful retention that would have occurred in Texas.

Accordingly, the Court finds that it lacks personal jurisdiction over Tejon and that this case should be dismissed.

In its response, CLR requests that it be permitted to conduct limited discovery regarding Tejon's contacts with Oklahoma should the Court determine the facts before it are insufficient to determine that Tejon possesses sufficient contacts with Oklahoma to make the assertion of personal jurisdiction over it appropriate. CLR, however, does not identify what documents or information it would seek with its requested discovery. Further, in light of CLR's arguments regarding personal jurisdiction over Tejon, the only relevant contacts would relate to communications between CLR and Tejon, communications that CLR would certainly already be aware of as it was one of the parties to the communications. Accordingly, the Court finds that CLR has not shown a need for further discovery and has not shown how it would be prejudiced by a denial of jurisdictional discovery. The Court, therefore, finds that CLR's request for discovery should be denied.

III. Conclusion

For the reasons set forth above, the Court GRANTS Tejon's Motion to Dismiss [docket no. 9] and DISMISSES this action for lack of personal jurisdiction.

**IT IS SO ORDERED this 22nd day of August, 2014.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE